UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN,<br><br>                      Plaintiff,<br><br>vs.<br><br>SCOTT KERNAN; CALIFORNIA HEALTH CARE SERVICES; J. LEWIS; DANIEL A. PARAMO; DR. R. WALKER; DR. J. CHAU; OFFICE OF RISK MANAGEMENT; DR. A. HORAM; J. KELSO; EDMUND GERRY BROWN, JR.,<br><br>                      Defendants. | Case No.: 3:17-cv-00693-LAB-WVG<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT FOR FAILNG TO STATE A CLAIM AND FOR FAILING TO COMPLY WITH COURT ORDER; AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 19] AS MOOT** |

**I.    Procedural History**

On April 5, 2017, Anthony Brown and Larry Belton, inmates currently incarcerated at Richard J. Donovan Correctional Facility (RJD) in San Diego, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1) However, only Plaintiff Brown filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) Plaintiff Belton did not file a Motion to Proceed IFP, nor did he prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing.

1

On July 24, 2017, the Court GRANTED Plaintiff Brown's Motion to Proceed IFP, DISMISSED Belton from the action, and DISMISSED the entire action for failing to state a claim upon which § 1983 relief could be granted. (ECF No. 15 at 10.) Plaintiff Brown was given leave to file an amended complaint that "cures all the deficiencies of pleading described in this Order." (*Id.* at 11.) On September 18, 2017, Plaintiff Brown filed a First Amended Complaint ("FAC"), along with a Motion to Proceed IFP. (ECF Nos. 17, 19.)

In light of the Court's previous ruling granting Plaintiff IFP status, Plaintiff's newly filed Motion to Proceed IFP is DENIED as moot.

## II. Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening which the Court conducts *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

A review of Plaintiff's FAC clearly demonstrates that Plaintiff made no attempt to comply with the Court's previous Order directing him to, at the very least, attempt to correct the deficiencies of pleading identified in the Court's Order dated July 24, 2017. Instead, the FAC that Plaintiff has filed is an exact copy of his original Complaint with the only change being the removal of former Plaintiff Belton's name. Therefore, the Court DISMISSES the entire FAC for failing to state a claim for the reasons set forth in the July 24, 2017 Order.

### III. Conclusion and Order

Accordingly, the Court:

(1) **DENIES** Plaintiff Brown's Motion to Proceed IFP (ECF No. 19) as moot.

(2) **DISMISSES** Plaintiff's FAC for failing to comply with a Court Order pursuant to FRCP 41(b) and for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A as set forth in the Court's July 24, 2017 Order.

/ / /

/ / /

/ / /

/ / /

(3) **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile);

(4) **CERTIFIES** that an appeal of this final Order of dismissal would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

(5) **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

**IT IS SO ORDERED.**

Dated: October 13, 2017

HON. LARRY ALAN BURNS
United States District Judge